UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIVE FACE ON WEB, LLC, A Pennsylvania company,<br><br>Plaintiff,<br><br>v.<br><br>CREMATION SOCIETY OF ILLINOIS, INC., et al,<br><br>Defendants. | Case No. 16-cv-8608<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

On September 1, 2016, Plaintiff Live Face on Web, LLC ("LWOC") sued Defendants Cremation Society of Illinois, Inc., Illinois Cremation Direct, Inc. and Katherine Sullivan Frideres (collectively, Defendants) alleging that Defendants infringed Plaintiff's copyrighted source code by using it on various websites without permission in violation of U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

Five years later—after multiple complaint amendments, coupled with numerous rounds of motions to dismiss and motions for summary judgment; and various discovery disputes—Plaintiff sought voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). [236]. In seeking dismissal, Plaintiff argued that a recent Supreme Court decision, *Google LLC v. Oracle America, Inc.*, 141 S.Ct. 1183 (2021), expanded application of fair use and Plaintiff doubted whether it could prevail against Defendants' fair use defense. [236] at 4–7. The Court granted Plaintiff's motion on May 26, 2021, dismissing the case with prejudice. [247].

1

Pending now is Defendants' Motion for Attorneys' Fees, Costs and Expenses. [250]. For the reasons set forth below, the Court denies Defendants' Motion.

**I.      Analysis**

    **A.      Award of Fees, Costs and Expenses Under 17 U.S.C. § 505**

Defendants seek attorneys' fees, costs and expenses pursuant to 17 U.S.C. § 505.[1] Under § 505, a court has discretion to award costs and attorneys' fees to the prevailing party in a copyright case. The term "prevailing party" means a party who "obtains a material alteration of the legal relationship of the parties." *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598,604 (2001). Here, because the case was dismissed with prejudice, Defendants are the prevailing party for purposes of § 505. *See Clear Skies Nevada, LLC v. Hancock*, No. 15-C-6708, 2017 WL 3642034, at *3 (N.D. Ill. Aug. 23, 2017) (citing *Riviera Distrib., Inc. v. Jones*, 517 F.3d 926, 927 (7th Cir.2008)); *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008) (holding defendants are the prevailing party when a suit is dismissed "on the plaintiff's own motion").

Congress enacted § 505 because "a defendant seeking to advance meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious infringement claims." *Fogerty v.*

---

[1] For the first time in their Reply, Defendants also cite Federal Rule of Civil Procedure 54(d)(1) when discussing their request for costs other than attorneys' fees. [258] at 14. Rule (54)(d)(1) governs the award of costs other than attorneys' fees in many federal suits. Fed. R. Civ. P. 54(d)(1). Defendants do not assert that they are also entitled to costs under Rule 54(d)(1) regardless of whether they are entitled to them under § 505. *See* [52], [58] at 15. Therefore, the Court does not separately consider the award of costs under Rule 54(d)(1).

*Fantasy, Inc.*, 510 U.S. 517, 518 (1994). This evenhanded award of costs and fees to prevailing defendants and plaintiffs furthers the Copyright Act's ultimate "purpose of enriching the general public through access to creative works." *Id.* 517–18. While "there is no precise rule or formula" for evaluating a request for fees under § 505, *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983), courts commonly consider four non-exclusive factors: (1) whether the action was frivolous because plaintiff had no evidence to support the claims; (2) whether the losing party's motivation in filing or contesting the action was questionable—including because of multiplicity of suits, or improperly joined parties; (3) whether the action was objectively unreasonable (either factually or legally); and (4) whether awarding fees would advance considerations of compensation and deterrence. *See Fogerty*, 510 U.S. at 534 n.19; *Bell v. Lantz*, 825 F.3d 849, 850 (7th Cir. 2016).

These *Fogerty* factors are neither exclusive nor determinative. *See Timothy B. O'Brien v. Knott*, 962 F.3d 348, 350 (7th Cir. 2020). Instead, a court must conduct a fact-specific, case-by-case inquiry that remains "faithful to the purposes of the Copyright Act." *Id; see also Kirtsaeg v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1989 (2016) ("[I]n any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones).").

### 1. Whether There Should Be A "Very Strong Presumption" In Favor of Costs and Fees.

Defendants first contend that the Court must begin with a "very strong presumption" in favor of awarding costs and fees. [252] at 5–6. Defendants are

3

correct that, in the Seventh Circuit, "when the prevailing party is a defendant, who by definition receives not a small award] but no award [for prevailing], the presumption in favor of awarding fees is *very strong*." *Assessment Tech. of WI, Inc. v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) (emphasis supplied); *see also Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502 (7th Cir. 2021) (same). In general, this "very strong" presumption encourages defendants to resist nuisance settlements and persist in meritorious defenses even though they receive no compensation for prevailing. *See Assessment Tech.*, 361 F.3d at 437.

Even so, the Seventh Circuit "has never held that the strong presumption is insurmountable." *Timothy B. O'Brien*, 962 F.3d at 350. Rather than blindly apply a "very strong presumption" in favor of awarding costs and fees, this Court applies the presumption but finds that it does not control the outcome here.

Although Defendants prevailed, they did not prevail because of their defenses, directly. Rather, they prevailed because Plaintiff sought dismissal in light of a new Supreme Court ruling. A change of law is a fortuitous circumstance—defendants generally do not factor in that possibility when deciding whether to defend against a case. For this reason, the rationale behind the "very strong presumption" in favor of awarding costs and fees to defendants does not control here. If the Court does not award costs and fees to Defendants, it will neither encourage nor discourage other defendants from maintaining valid defenses against copyright claims.

On the other hand, all parties and the court benefit from a party promptly raising a change in law that affects claims or arguments—doing so preserves

4

everyone's resources and avoids needless litigation. Courts should strongly encourage such conduct.[2] Yet, a party may hesitate to raise changes in law if it had to pay the other side's attorneys' fees and costs as a result. Instead, the party may roll the dice that it could still prevail on weak claims or arguments notwithstanding the change of law. As such, this counsels *against* awarding costs and fees to Defendants.

Defendants contend, however, that the Supreme Court's *Google* decision did not strengthen their fair use defense. [258] at 8–10. They insist that Plaintiff used that decision as a pretext to voluntarily dismiss this case because it could not overcome Defendants' other defenses. *Id.* The Court remains unconvinced.

Defendants raised a fair use defense with respect to its alleged copying of Plaintiff's computer code. [202-1] at 17. And the *Google* decision, at the very least, refined and clarified the copyright fair use defense with respect to computer programs and copying computer code. 141 S. Ct. at 1198 ("[F]air use can play an important role in determining the lawful scope of a computer program copyright."). Further, as discussed below, and putting aside the *Google* decision, the merits of Plaintiff's claims remained a close question at the time the Court dismissed the case. As such, Defendants fail to establish beyond speculation that Plaintiff misrepresented to the Court that the *Google* decision weakened its claims here.[3]

---

[2] In fact, a court may sanction a party who maintains an invalid claim or legal position. *See* Fed. R. Civ. P. 11(c).

[3] In moving for voluntary dismissal on this basis, Plaintiff—by implication—argued that the *Google* decision may have substantially weakened any claim it may wish to bring against anyone who used its computer code. Thus, despite Defendants' contentions that Plaintiff was merely abusing the Copyright Act (or was a "copyright troll"), Plaintiff clearly threw in the towel based on recent case law.

5

Overall, despite the requisite presumption, the circumstances under which Defendants prevailed in this action do not support awarding costs and fees. Instead, they counsel against awarding them.

### 2. Whether Plaintiff's Claims Were Frivolous or Objectively Unreasonable

Defendants also argue that they are entitled to costs and fees under the first and third *Fogerty* factors because Plaintiff maintained frivolous and objectively unreasonable claims on the merits and because they were barred by the Copyright Act's three-year statute of limitations. [252] at 7–8. This Court disagrees.

At the pleading stage, Plaintiff asserted legally sufficient claims for copyright infringement that withstood two motions to dismiss. [58], [99]. Further, Plaintiff filed numerous similar copyright claims against other defendants; at least one went to trial, and a jury found in Plaintiff's favor. *See Live Face on the Web, LLC v. Integrity Solu. Grp., Inc.*, 421 F. Supp. 3d 1051, 1059 (D. Colo. 2019) (hereinafter, "*Integrity*"). The *Integrity* outcome suggests that Plaintiff's similar copyright claims against Defendants also had merit.[4] Of course, Plaintiff and Defendants fiercely dispute the merits of Plaintiff's claims and Defendants' defenses. But, based on the record before this Court, Plaintiff's claims were neither frivolous nor objectively unreasonable.

---

[4] Defendants argue that the *Integrity* outcome is inapposite to this case because the facts materially differed. [258] at 11. Not so. The cases are similar in many material respects. *See Integrity*, 421 F. Supp. 3d at 1059 (summarizing the facts of the case). Defendants fail to explain how any differences that existed rendered Plaintiff's claims frivolous here.

Defendants also contend that Plaintiff's claims were time-barred because Plaintiff discovered the alleged infringement by December 2013 but did not file suit until September 2016; it also amended its complaint in February 2018 to add other instances of infringement that it knew about since December 2013. [214], [215], [252] at 7. Even though the Court does not have the benefit of fully briefed arguments on this issue,[5] the record does show, based on Defendants' own asserted facts, that Plaintiff discovered the violations in December 2013 and filed suit on September 2016, [215] at 3. As such, Plaintiff's initial complaint appears timely.[6]

Defendants also argue that Plaintiff knowingly asserted an objectively unreasonable damages theory to improperly inflate potential damages and extract an unwarranted settlement. *Id.* at 8, 11–12. According to Defendants, Plaintiff sought dismissal mainly because it could not overcome Defendants' attack on its damages theory. [258] at 10.

Defendants offer mostly speculation about Plaintiff's motives relating to its damages theory. Although Plaintiff sought two extensions to respond to Plaintiff's summary judgment motion on damages, [230], [233], other facts indicate Plaintiff believed it could rebut Defendants' arguments. First, Plaintiff previewed its arguments with the Court during a January 2020 hearing. [191] at 4:2–5:5, 6:23–7:12. Second, Plaintiff asserted the same damages theory in its *Integrity* case that

---

[5] Defendants sought summary judgment against Plaintiff on this basis. [214]. Plaintiff had not responded to Defendants' motion when this Court granted dismissal with prejudice.

[6] Defendants point to another copyright case by Plaintiff that the court dismissed based on statute of limitations. *See Live Face on Web, LLC v. Rockford Map Gallery, LLC*, No. 17-539, 2020 WL 5821750 (D. Del. Sept. 30, 2020). The *Rockford* case timeline was different, however—there, Plaintiff knew about the infringement by January 2014 but did not file its complaint until May 2017. *Id.* at *4.

went to trial and the jury awarded damages on that theory. 421 F. Supp. 3d at 1071–73 (reviewing the jury's damages award and finding that "Plaintiff proffered sufficient evidence" to support the $262,197 damages award). Finally, Plaintiff also asserted this damages theory in a copyright case in Delaware. *See Live Face on Web, LLC v. Rockford Map Gallery, LLC*, No. 17-539, 2020 WL 5821750 (D. Del. Sept. 30, 2020) (hereinafter "*Rockford*"). On summary judgment, the *Rockford* defendant attacked Plaintiff's damages theory with virtually the same arguments that Defendants made here, *Rockford* (ECF 111), and Plaintiff vehemently refuted them, *id.* (ECF 117).[7] These facts imply that Plaintiff believed it could respond to Defendants' damages argument and Plaintiff's damages theory was not objectively unreasonable.

Of course, Plaintiff's damages theory may have ultimately failed. Its claims may have, as well. This Court cannot and will not decide these issues with an incomplete record. For purposes of Defendants' fee request, however, Defendants fail to show that Plaintiff asserted frivolous or objectively unreasonable claims.

### 3. Plaintiff's Litigation Motive and Whether It Engaged in Improperly Vexatious Litigation

With respect to the second *Fogerty* factor, Defendants calls Plaintiff a "copyright troll" who targeted hundreds of small companies like Defendants. [252] at 10; [258] at 5. Defendants also assert that Plaintiff filed another frivolous lawsuit

---

[7] Defendants imply that the *Rockford* Court granted summary judgment in the defendant's favor on the issue of damages. [252] at 4. It did not. The *Rockford* Court never decided the merits of the parties' damages dispute; nor did it rule on the merits of Plaintiff's underlying copyright claims. *See Rockford*, 2020 WL 5821750. Instead, it granted summary judgment for defendant based on statute of limitations. *Id.*

against them in Eastern District of Pennsylvania and engaged in discovery misconduct in this case to "extract a settlement from Defendants." [252] at 4, 10–11; [258] at 6–8.

The term "copyright troll" describes opportunistic copyright holders who "bring strategic infringement claims of dubious merit in the hope of arranging prompt settlements with defendants who prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation." *Design Basics, LLC v. Lexington Homes, Inc.* 858 F.3d 1093, 1097 (7th Cir. 2017). Although Plaintiff has filed dozens if not hundreds of other copyright lawsuits like the one here, its success at trial in the *Integrity* case does not fit with the definition of a "copyright troll." Defendants argue that the *Rockford* case, which followed *Integrity*, shows that Plaintiff is a troll. The Court disagrees. The *Rockford* defendants asserted many of the same defenses and arguments that Defendants asserted in this case, but the *Rockford* Court disposed of the case on statute of limitations grounds and did not reach the merits of Plaintiff's copyright claims or Defendants' substantive defenses. Overall, although Plaintiff filed many copyright claims across the country, that alone does not make it a "copyright troll" or warrant a fee award in this case to deter its general litigation tactics.

Defendants also insist that Plaintiff engaged in vexatious litigation when it filed another suit against Defendants in Eastern District of Pennsylvania after filing

9

suit here.[8] *See Live Face on Web, LLC v. Cremation Society of Ill., Inc., et al.*, No. 18-cv-01718, 2019 WL2137428 (E.D. Penn. May 16, 2019). Plaintiff maintained the Pennsylvania case for nearly two years before agreeing to dismiss it with prejudice for a mutual walkaway settlement. *Id.* (ECF 106, 108). Shortly before the parties settled, the Pennsylvania Court expressed frustration with both the parties' conduct and implied the suit was frivolous. *Id.* (ECF 104 at 26:20–30:17). On balance, this Court agrees that Plaintiff exhibited some vexatious conduct by filing the Pennsylvania case.

Finally, Defendants complain about Plaintiff's discovery conduct in this case. [252] at 10. In response, Plaintiff attack Defendants' discovery conduct. [257] at 7. The record confirms that both parties often reached impasses on discovery. While Defendants correctly note that the Court admonished two deponents for refusing to answer some of Defendants' deposition questions, [252] at 10, the Court also declined to sanction Plaintiff for its deponents' conduct, [178]. Overall, the parties' discovery disputes indicate a mutual lack of cooperation and compromise. As such, the Court finds that the parties' discovery conduct does not move the needle either way with respect to awarding costs and fees.

### 4. Whether Awarding Costs and Fees Advances Considerations of Compensation and Deterrence.

Finally, the fourth *Fogerty* factor considers whether awarding costs and fees would advance considerations of compensation or deterrence. As previously

---

[8] The Pennsylvania court held that the suit related to different issues than the ones before this Court and Plaintiff did not claim split. *Live Face on Web, LLC v. Cremation Society of Ill., Inc., et al.* No. 18-cv-01718, 2019 WL 398938 (E.D. Penn. Jan. 31, 2019).

discussed, the circumstances under which Defendants prevailed does not counsel in favor of awarding costs and fees. Instead, on balance, the circumstances weigh against it. Further, for all the reasons discussed above, Plaintiff's claims against Defendants were neither frivolous nor objectively unreasonable and the outcome remained a toss-up. Thus, awarding costs and fees here would not serve to deter any conduct that warrants deterrence. *Cf. Assessment Tech.*, 361 F.3d at 436 ("If the case was a toss-up and the prevailing party obtained generous damages. . . there is no urgent need to add an award of attorneys' fees.").

Having considered the "totality of circumstances" in this case, *Kirtsaeng*, 136 S. Ct. at 1985, the Court finds that awarding fees to Defendants is not warranted. Both parties aggressively litigated the case. The Pennsylvania action indicates some vexatious conduct by Plaintiff but, overall, the Court cannot find one party more to blame than the other for the protracted nature of the case before this Court. Plaintiff sought dismissal with prejudice here because of a change in the law that weakened its claims. While Defendants apparently disagree with Plaintiff's interpretation of the *Google* decision, this case was otherwise a close call at the time Plaintiff sought dismissal. The Court declines to award costs and fees when doing so could deter parties from promptly raising changes of law that affect the success of previously valid claims or defenses.

### B.  Award of Attorneys' Fees and Costs under Rule 68

Defendants also argue that they are entitled to costs and fees under Federal Rule of Civil Procedure 68 because they made an Offer of Judgment for $5,000 early

11

in the case that Plaintiff did not accept. [252] at 12. Rule 68(d) states that, "if the judgment that the offeree finally obtains is not more favorable than the unaccepted [Offer of Judgment], the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). According to Defendants, Rule 68(d) requires an award of costs and fees because they prevailed in this case and, therefore, Plaintiff received a judgment less favorable than their unaccepted offer. [252] at 12. Not so.

Rule 68 "penalizes the greedy winning plaintiff but is inapplicable if the defendant wins." *Park Manor, Ltd. V. U.S. Dept. of Health and Human Srvcs.*, 495 F.3d 433, 436 (7th Cir. 2007) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). Because Defendants prevailed in this case, Rule 68(d) does not apply.

## II. Conclusion

For the foregoing reasons, Defendants' motion for attorneys' fees, costs and expenses, [250], is denied.

IT IS SO ORDERED

Dated: March 18, 2022                      Entered:

_____
John Robert Blakey
United States District Judge